IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA SIMPSON,<br><br>      *Plaintiff*,<br>  v.<br><br>MEREDITH BUCHANAN *et al.*,<br><br>      *Defendants*. | CIVIL ACTION<br><br>NO. 20-2583 |

**PAPPERT, J.**                                      August 5, 2020

## **MEMORANDUM**

  Meredith Buchanan, driving a Jeep owned by Brian Brown, rear-ended Jessica Simpson's Mercedes Benz at a red light in Glen Mills, Pennsylvania on June 29, 2018. Simpson now sues Buchanan and Brown for negligence and seeks an award of punitive damages. After Defendants filed their Answer, they moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). The Court grants the Motion in part and denies it in part.

I

  Simpson was traveling northbound in her Mercedes Benz on Middletown Road and stopped at a red light at the intersection of Forge Road. (Compl. ¶ 9, ECF No. 1.) Buchanan, also driving northbound on Middletown Road, was directly behind Simpson's car. (*Id.*) While stopped at the red light, Simpson looked into her rearview mirror and saw that Buchanan was looking down. (*Id.*) Simpson thought that Buchanan was going to rear-end her vehicle, so Simpson beeped her horn and moved her vehicle forward hoping to gain Buchanan's attention and avoid a collision. *See* (*id.*)

1

Buchanan, however, failed to stop, and the Jeep "violently struck the rear" of Simpson's car. (*Id.*) At the time of the collision, Simpson alleges that Buchanan was "looking down and was not paying attention to the roadway." (*Id.* ¶ 10.) After the crash, Buchanan allegedly told Simpson, "I'm sorry. I wasn't paying attention." (*Id.* ¶ 11.) Simpson contends that Buchanan was "texting on her hand-held cell phone" while driving. *See* (*id.* ¶ 28). Simpson also alleges that when Brown entrusted his Jeep to Buchanan, he knew, or should have known, that Buchanan had a propensity toward negligence and recklessness, including operating a vehicle while distracted and while texting on a cell phone. *See* (*id.* ¶¶ 13(p), 39–40).

As a result of the collision, Simpson suffered injuries including, among other things, a concussion, post-concussion syndrome, lumbar strain and sprain, dorsal strain and sprain, cervical strain and sprain, lumbar disc herniation, aggravation of cervical spondylosis, aggravation of lumbar spondylosis and severe shock to her emotional, psychological and nervous systems. (*Id.* ¶ 14.)

Simpson alleges claims of negligence against Buchanan and Brown and seeks punitive damages from both. *See generally* (Compl.). Defendants filed an Answer, (ECF No. 5), and then filed a Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c), (ECF No. 7). Defendants' Motion advances two primary arguments. First, that Simpson fails to plead sufficient facts to allege that Brown negligently entrusted his vehicle to Buchanan. And second, that Simpson fails to allege facts necessary to support an award of punitive damages.

II

A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). The pleadings are closed after an answer is filed and after a reply is filed to any additional claims asserted in the answer. *Austin Powder Co. v. Knorr Contracting, Inc.*, No. 3:08-cv-1428, 2009 WL 773695, at *1 (M.D. Pa. Mar. 20, 2009). Under Rule 12(c), a judgment on the pleadings will be granted "only if, viewing all the facts in the light most favorable to the nonmoving party, no material issue of fact remains and the moving party is entitled to judgment as a matter of law." *Knepper v. Rite Aid Corp.*, 675 F.3d 249, 257 (3d Cir. 2012); *see also Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005). The court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sikirica*, 416 F.3d at 220. In other words, a district court applies the same standard to a judgment on the pleadings as it does to a motion to dismiss pursuant to Rule 12(b)(6). *See Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991) ("Rule 12(h)(2) provides that a defense of failure to state a claim upon which relief can be granted may also be made by a motion for judgment on the pleadings. In this situation, we apply the same standards as under Rule 12(b)(6).").

To survive dismissal under Federal Rule of Civil Procedure Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the facts pled "allow[ ] the court to draw the reasonable inference that [a] defendant is

3

liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

When the complaint includes well-pleaded factual allegations, the Court "should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679). However, this "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation marks and citation omitted). "Conclusory assertions of fact and legal conclusions are not entitled to the same presumption." *Id.*

### III

Defendants first seek judgment with respect to the negligent entrustment claim brought against Brown, arguing that Simpson fails to allege sufficient facts to plead a plausible claim for relief.[1] *See* (Defs.' Mot. 5, at ¶¶ 17–19, ECF No. 7).[2] Simpson, in response, argues that the Complaint includes factual allegations that set forth a *prima facie* claim of negligent entrustment. *See* (Pl.'s Resp. 18–19, ECF No. 9). Pennsylvania law[3] follows Section 308 of the Restatement (Second) of Torts with respect to negligent

---

[1]  Defendants do not contest the negligence claim against Buchanan, the driver of the Jeep.

[2]  Page citations refer to the ECF pagination system.

[3]  Because the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, the Court applies state substantive law and federal procedural law. *See Chamberlain v. Giampapa*, 210 F.3d 154, 158 (3d Cir. 2000) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)). Here, Pennsylvania's substantive law applies, where Simpson is a citizen of Pennsylvania and the car accident occurred in the Commonwealth.

entrustment claims.  *See Knecht v. Balanescu*, No. 4:16-CV-00549, 2017 WL 4573796, at

*7 (M.D. Pa. Oct. 13, 2017) (citing *Ferry v. Fisher*, 709 A.2d 399, 403 (Pa. Super. Ct.

1998)).  Under Section 308

> It is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others.

Restatement (Second) of Torts § 308 (Am. Law Inst. 1965).  Thus, to state a claim for

negligent entrustment, the plaintiff must allege facts that the defendant (1) permitted

a third person, (2) to operate his vehicle, and (3) that the defendant knew or should

have known that the third person intended to or was likely to use the vehicle in a way

that would harm another person.  *See Schneider Nat'l Carriers, Inc. v. Syed*, No. 1:17-

cv-02383, 2019 WL 183905, at *3 (M.D. Pa. Jan. 14, 2019).  "The third element of

negligent entrustment may be satisfied by showing that the defendant knew or should

have known that the entrusted driver was an incompetent driver . . . ."  *Id.*

For the first two elements of her negligent entrustment claim, Simpson

adequately alleges that Brown permitted Buchanan to drive his Jeep, which was the

vehicle involved in the collision.  *See* (Compl. ¶¶ 5–7).  As for the third element,

however, Simpson fails to allege any facts that could plausibly give rise to an

entitlement to relief.  Simpson merely states that Brown "knew, or should have

known" that Buchanan would operate the vehicle in a negligent manner, that she had

a propensity for negligence, and that she would drive the Jeep while distracted, not

paying attention or while texting on her cell phone.  *See* (Compl. ¶¶ 13(p)–(q); 39–40).

Simpson also claims that Brown texted Buchanan with full knowledge that Buchanan

5

would read and respond to the text message while driving. (*Id.* ¶ 41.) These conclusory allegations, however, are baseless, speculative, and supported by no underlying facts or personal observations. Nor does Simpson allege anything about Buchanan's prior conduct that would put Brown on notice that Buchanan would operate the Jeep in a way that would harm another person. The Court, guided by its "judicial experience and common sense," *Iqbal*, 556 U.S. at 679, accordingly dismisses the negligent entrustment claim. Because Simpson's underlying negligent entrustment claim fails, so too does her request for punitive damages against Brown.

## IV

Defendants also contend that they are entitled to judgment on the pleadings with regard Simpson's request for punitive damages because she (1) improperly pleaded punitive damages as an independent cause of action in Count II, and (2) the underlying factual allegations in Count I assert nothing more than mere negligence. *See* (Defs.' Mot. 9–12).

## A

The Complaint—as it currently reads—alleges punitive damages as a separate cause of action against Buchanan. *See* (Compl. ¶¶ 20–47). Defendants seek judgment on the pleadings on Count II because Pennsylvania does not recognize punitive damages as an independent cause of action. *See* (Defs.' Mot. 12). "A request for punitive damages does not constitute a cause of action in an[d] of itself. Rather, a request for punitive damages is merely incidental to a cause of action." *Nix v. Temple Univ.*, 596 A.2d 1132, 1138 (Pa. Super. Ct. 1991) (citing *Feingold v. SEPTA*, 517 A.2d 1270 (Pa. 1986)); *see also Hilbert v. Roth*, 149 A.2d 648, 652 (Pa. 1959) (explaining

6

punitive damages are incidental to the underlying cause of action, "an element which the jury may consider in making its determination—and not the subject of an action in itself").

That Simpson's request for punitive damages is given a separate heading suggests that she is attempting to advance an independent cause of action. Notwithstanding such a construction, however, the punitive damages request "also clearly appears to be premised on [Simpson's] substantive cause[] of action"—that is, her negligence claim. *Smith v. Alien Flier, LLC*, No. 2:15cv1128, 2016 5661747, at *4 (W.D. Pa. Sept. 30, 2016). As one court explained:

> Although defendants are technically correct that under Pennsylvania law, *Nix v. Temple University*, 596 A.2d 1132 (Pa. Super. 1991), punitive damages are typically plead [sic] as merely incidental to the cause of action, and not as a separate cause of action in and of itself, in the interests of efficiency and judicial economy, this Court will not elevate form over substance because to do so, would require plaintiff to again amend his complaint, thus subjecting the parties to yet another round of motions to dismiss. Moreover, whether plead [sic] as a separate action or merely appended to the prayer for relief is not material to the merits of the case.

*Husman v. Allstate Ins. Co.*, No. 06CV1646, 2007 WL 712211, at *1 (W.D. Pa. Mar. 7, 2007). Thus, so long as Simpson has alleged sufficient facts to support an award of punitive damages, she need not amend her Complaint to clarify that she seeks punitive damages as a form of relief incidental to Count I, her negligence claim, rather than as an independent cause of action.

B

Under Pennsylvania law, "punitive damages are appropriate for torts sounding in negligence when the conduct goes beyond mere negligence and into the realm of behavior which is willful, malicious, or so careless as to indicate wanton disregard for

the rights of the parties injured." *Hutchinson ex rel. Hutchinson v. Luddy*, 870 A.2d 766, 770 (Pa. 2005). Punitive damages are proper only where "the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct." *Id.* "The pleadings must therefore allege facts sufficient to demonstrate evil motive or reckless indifference to the rights of others." *Great W. Life Assur. Co. v. Levithan*, 834 F. Supp. 858, 865 (E.D. Pa. 1993) (citing *McDaniel v. Merck, Sharp & Dohme*, 533 A.2d 436, 447–48 (Pa. Super. Ct. 1987)). The state of mind of the actor is "vital" when assessing whether punitive damages are appropriate. *Hutchinson*, 870 A.2d at 770. Thus, "a punitive damages claim must be supported by evidence sufficient to establish that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." *Id.* at 772.

      Simpson alleges enough facts at this stage to state a plausible claim for punitive damages against Buchanan. Simpson claims that Buchanan was "looking down and was not paying attention to the roadway," and that she still crashed into the Mercedes Benz even after Simpson beeped her horn and took evasive actions. *See* (Compl. ¶¶ 9–10). Then after the collision, Buchanan told Simpson, "I'm sorry. I wasn't paying attention." (Compl. ¶ 11.) Based on these facts, Simpson infers that "Meredith Buchanan[] was texting on her hand-held cell phone while operating the Jeep," and that she was fully aware that doing so "posed a distraction to the driver." (*Id.* ¶¶ 28–29.) Taking these facts as true, a reasonable jury could conclude that if Buchanan was actually looking down and texting at the time of the collision, she was operating the vehicle in a reckless manner sufficient to give rise to an award of punitive damages.

8

*See Scott v. Burke*, No. 2:13-cv-278, 2013 WL 4648402, at *3 (W.D. Pa. Aug. 29, 2013) (applying Pennsylvania law and finding that a "reasonable jury could conclude, if [defendant] was indeed using his cell phone at the time of the accident, that he was operating his vehicle with reckless indifference to the rights of others").

At this stage of the litigation, the Court is confronted only with factual allegations that it must accept as true; the parties will have an opportunity to complete discovery and Defendants may renew their arguments at the summary judgment stage.[4]

V

A court granting a motion for judgment on the pleadings should freely give leave to amend unless doing so would be futile. *Bloomfield v. Wissinoming Volunteer Trust Aid Corps, Inc.*, No. 15-1013, 2015 WL 4077048, at *6 (E.D. Pa. July 6, 2015); *see Accurso v. Infra-Red Servs., Inc.*, 23 F. Supp. 3d 494, 501 (E.D. Pa. 2014) ("[T]here certainly is no categorical rule that judgment on the pleadings is per se with prejudice."). Federal Rule of Civil Procedure 15 permits a party to amend its pleading with the court's permission. Fed. R. Civ. P. 15(a)(2). Courts should grant leave to amend when justice so requires but should not do so if it would cause undue delay or undue prejudice, if the request is in bad faith or a result of dilatory conduct, or if the

---

[4] Defendants also move to strike the terms "reckless," "recklessly," "recklessness," and "wanton" from the Complaint, arguing that the use of such terms is scandalous and impertinent. *See* (Defs.' Mot. 10–11). Under Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a Rule 12(f) motion is to "clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002). Motions to strike are "not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Id.* Because Defendants make no showing of prejudice with respect to Simpson's use of the above-mentioned terms, the Court denies the Motion to Strike.

9

amendment would be futile. *See Bell v. Allstate Ins. Co.*, No. 03-4482, 2004 WL 614828, at *1 (E.D. Pa. Feb. 17, 2004). An amendment is futile if, as amended, the complaint still fails to state a claim. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). When making this assessment, the court should apply the same legal sufficiency standard as it applies under Rule 12(b)(6). *Id.*

The negligent entrustment claim against Brown in Count I and the request for punitive damages against him are dismissed without prejudice with leave to amend.[5] Simpson may amend her negligent entrustment claim if she can allege facts sufficient to raise the claim to a level of plausibility. Assuming she can meet that standard, Simpson may also seek punitive damages against Brown if she can allege facts showing that his actions were so outrageous as to demonstrate willful, wanton or reckless conduct.

An appropriate Order follows.

BY THE COURT:

 */s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

[5] *See Bloomfield v. Wissinoming Volunteer Trust Aid Corps, Inc.*, No. 15-1013, 2015 WL 4077048, at *6 (E.D. Pa. July 6, 2015) ("Because the Court will permit amendment, at this time it would be premature for the Court to award judgment as a matter of law.") (citations omitted).